**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BRANDON LYNCH,                                        )
                                                      )
                                                      )
              Plaintiff,                       )
                                                      )
   vs.                                               )
                                                      )
FAIR COLLECTIONS & OUTSOURCING, INC.,   )
                                                      )
                                                      )
             Defendant.                       )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Brandon Lynch brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Fair Collections & Outsourcing, Inc. ("FCO"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business within this District.

### PARTIES

4. Plaintiff Brandon Lynch is an individual who resides in the Northern District of Illinois.

5. Defendant FCO is a Maryland corporation with its principal place of business in Maryland. It does business in Illinois. Its registered agent and office are Illinois Corporation

1

Service, 801 Adlai Stevenson Drive, Springfield, IL, 62703.

6. Defendant FCO is a collection agency.

7. FCO states on its web site that "FCO is the largest firm in the nation specializing in multihousing collections." (http://www.fco.com/about/)

8. Defendant FCO uses the mail and telephone to collect debts originally owed to other entities.

9. Defendant FCO is a debt collector as defined in the FDCPA within the meaning of 15 U.S.C. §1692a(6).

## FACTS

10. Defendant FCO has been attempting to collect from plaintiff a residential rent debt.

11. Plaintiff had missed his October rent payment because his mother died and he had to pay her funeral expenses.

12. Plaintiff's landlord (the "Creditor") told him that it would accept a payment plan. In mid-December 2013, Plaintiff sent a check for part of the debt to the Creditor. As of January 15, 2014, the Creditor had not cashed the check. It also did not tell plaintiff it had not done so.

13. On January 20, 2014 plaintiff sought to discuss the debt with the creditor and was told the account had been sent to a collection agency.

14. On January 24, 2014, the creditor provided plaintiff with contact information for FCO.

15. Plaintiff promptly contacted FCO in January 2014 and was informed that he had until March 28, 2014 to pay before any credit reporting would occur.

16. FCO did not send plaintiff the notice required by 15 U.S.C. §1692g within 5 days after plaintiff's initial contact with FCO.

17. FCO did not send the 15 U.S.C. §1692g notice until March 17, 2014. Plaintiff received it a few days later.

18. Plaintiff contacted FCO on March 26, 2014 to arrange to pay the balance of the debt.

At that time, he was told that the debt had already been reported to a credit bureau and that FCO would not remove the debt from his credit report.

## COUNT I – FDCPA

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant violated 15 U.S.C. §1692g, by failing to provide the notice required by that section within 5 days after the initial communication between plaintiff and defendant.

21. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified**

>**the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
>**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
>
>**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
>
>**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (a)    Statutory damages;

    (b)    Attorney's fees, litigation expenses and costs of suit; and

    (c)    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\29913\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                      s/Daniel A. Edelman
                                                      Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

*Brandon Lynch*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman